IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALENTINE VENTURES, LLC, | * | |
| DESTINY ENERGY, LLC, | | |
| BRUCE WALLIS, and | * | |
| HARVEY KELLEY | | |
| | * | |
| Plaintiffs, | | |
| V. | * | Civil Case No. 14-0352 |
| | | |
| GULF COAST MINERAL, LLC, | * | |
| GARY BILLINGSLEY, | | |
| PATRICIA A. BILLINGSLEY, | * | |
| LARRY WATTLES, and | | |
| JUDY WATTLES, | * | |
| | | |
| Defendants. | * | |

## COMPLAINT

### Jurisdiction

The jurisdiction of this Court is invoked under 18 U.S.C. Section 1961 et seq., 18 U.S.C. Section 1029 et seq., 18 U.S.C. Section 1341 et seq., and 15 U.S.C. Section 717z et seq., this being an action authorized by law to redress and seek compensation for the deprivation of contractual rights and financial funds directly and proximately caused by the fraudulent use of means affecting interstate commerce. Plaintiffs also invoke the pendant jurisdiction of the Court to decide claims arising under State law.

**PARTIES**

"Plaintiffs", whether an entity or individual, shall be collectively referred to as ("Valentine/Destiny") and "Defendants", whether an entity or individually, shall be collectively referred to as ("GCM/Billingsley") in the above entitled action unless

**specifically stated otherwise.**

1. Plaintiff Valentine Ventures, LLC ("Valentine") is a limited liability company formed under the laws of the State of Alabama, with its principal location of business located at 1590 Highway 49, Columbiana, Alabama 35051.

2. Plaintiff Destiny Energy, LLC ("Destiny") is a limited liability company formed under the laws of the State of Louisiana, with its principal location of business located at 650 Poydras Street, Suite 2415, New Orleans, Louisiana 70130.

3. Plaintiff Bruce Wallis ("Wallis") is a resident citizen of Orleans Parish, Louisiana and is over the age of 19 years.

4. Plaintiff Harvey Kelley ("Kelley") is a resident citizen of St. Tammany Parish, Louisiana, and is over the age of 19 years.

5. Defendant Gulf Coast Mineral, LLC ("GCM") is a limited liability company formed under the laws of the State of Alabama, with its principal location of business located at 109 East 14th Avenue, Gulf Shores, Alabama 36542. GCM's members, to Valentine/Destiny's knowledge, information and belief, are Gary Billingsley and Patricia A. Billingsley.

6. Defendants Gary Billingsley and Patricia A. Billingsley ("Billingsley") are resident citizens of Baldwin County, in the State of Alabama, and are over the age of 19 years.

7. Defendants Larry Wattles and Judy Wattles ("Wattles") are employees, agents, representatives and/or members of Gulf Coast Mineral, LLC, and to Valentine/Destiny's knowledge, information and belief, are resident citizens of the State of Alabama.

8. The amount in controversy herein exceeds the sum of $200,000.00, exclusive of interest and costs.

9. A substantial part of the events or omissions giving rise to the claims occurred in Covington County, Alabama.

## FACTS

10. GCM/Billingsley by and through their officers, employees, agents and/or assigns proposed a plan to Valentine/Destiny for investment of funds dealing with the purchase of real estate interests in certain counties within the State of Alabama.

11. GCM/Billingsley's proposed plan required Valentine/Destiny to deposit money and/or pay to GCM/Billingsley, their agents, officers, employees and/or assigns substantial sums of money.

12. Utilizing telephone services, electronic mail, faxes, U.S. Mail, banking transactions, traveling between different states for meetings, and utilizing other modes of interstate commerce and devises, GCM/Billingsley by and through their officers, employees, agents and/or assigns took large sums of money from the Valentine/Destiny in a fiduciary capacity and responsibility.

13. GCM/Billingsley by and through their officers, employees, agents and/or assigns have refused to provide a complete and adequate accounting of the funds placed in their care.

14. GCM/Billingsley by and through their officers, employees, agents and/or assigns have failed to execute the proposed plan previously presented, which said plan was the enticement for Valentine/Destiny to entrust substantial sums of money to GCM/Billingsley as stated above.

15. Valentine/Destiny requested and/or demanded a complete and adequate accounting of the funds entrusted to and/or, with GCM/Billingsley by and through their officers, employees, agents and/or assigns, but GCM/Billingsley by and through their officers, employees, agents and/or assigns have refused to provide said accounting.

16. GCM/Billingsley by and through their officers, employees, agents and/or assigns have failed and/or refused to execute documents, agreements, releases, statements of any kind or nature to resolve this controversy.

17. GCM/Billingsley by and through their officers, employees, agents and/or assigns have maliciously and intentionally sought to obtain unfair advantage over Valentine/Destiny by refusing proper accounting, retaining control of funds, and further attempting to obtain assets owned, owed, or held in trust for Valentine/Destiny.

18. GCM/Billingsley by and through their officers, employees, agents and/or assigns intentionally, from the beginning of this association, maliciously enticed Valentine/Destiny to deposit, pay and/or contribute substantial sums of money, with the malicious intent of keeping said funds, controlling all assets and providing incomplete and inadequate accounting to Valentine/Destiny.

19. GCM/Billingsley by and through their officers, employees, agents and/or assigns intentionally and maliciously mislead Valentine/Destiny by misrepresenting the proposed plan, misrepresenting the accounting methods and timing, and by misrepresenting the assets obtained with the monies of Valentine/Destiny entrusted to GCM/Billingsley, all of which were attempts to deceive Valentine/Destiny and did in fact deceive and thereby cause damage.

20. GCM/Billingsley by and through their officers, employees, agents and/or assigns presented cost estimates reflecting "Overhead" with a "0" Zero amount estimate. Subsequently, GCM/Billingsley, without authority, cause, approval or discussion, changed this figure to substantial amounts and submitted invoices reflecting these substantial new charges.

21. On or about June 21, 2011 GCM/Billingsley by and through their officers, employees, agents and/or assigns executed a two page document with a heading of "KEY

LARGO PROJECT". This document stated that GCM/Billingsley "...{W}ill provide an accounting to the partners showing landsman costs, lease bonuses paid, legal and any other costs associated with the KEY LARGO PROJECT." GCM/Billingsley have failed and/or refused to provide said accounting, even after numerous requests.

22. The same document referenced in the above paragraph further stated, "If the estimated budget for acquisition of the KEY LARGO PROJECT requires additional funding, the partners will mutually agree on the amount of additional funding to be provided on a pro rata basis." GCM/Billingsley by and through their officers, employees, agents and/or assigns intentionally and maliciously, with the intent to deceive, failed to obtain the required "mutually agree" amount. Instead, legal suits were brought against the "partners" (Valentine/Destiny) in an attempt to gain all assets in the KEY LARGO PROJECT.

23. On or about April of 2012 a multi-page document was executed by GCM/Billingsley by and through their officers, employees, agents and/or assigns and others. This document is/was styled as ADDENDUM TO AGREEMENT and appears to amend the June 21, 2011 agreement cited above. In this ADDENDUM, a paragraph states, "GCM/Billingsley shall prepare a term sheet for the partners' review and comment prior to presenting the prospect to any new participants. GCM/Billingsley shall also prepare a lease report showing the leases that have been taken, and the amount paid for the leases, the royalty burden, the acreage, the term, etc. The lease report shall be updated if any new leases are taken." However, no reports of any kind or type have ever been provided by GCM/Billingsley to Valentine/Destiny as promised. It is the contention of Valentine/Destiny that GCM/Billingsley, Gary Billingsley and Patricia A. Billingsley had no intent to provide the documentation, that the promise was for the purpose to deceive, mislead, and entice Valentine/Destiny to execute the documents that GCM/Billingsley

by and through their officers, employees, agents and/or assigns developed and presented for action of Valentine/Destiny.

24. On or about August of 2012 a second addendum was proposed. This document was on the letterhead of GULF COAST MINERAL, LLC. This document refers to the June 21, 2011 agreement, to a prospect called "West Teel Creek", and to an AMI defined in particular sections of Covington County, Alabama.

25. Valentine/Destiny were billed for a share of $84,000.00 for Libertyville leases.

26. Valentine/Destiny were not assigned a share of the Libertyville leases.

27. Valentine/Destiny were not assigned a share of the Renpetco agreement.

28. Valentine/Destiny were not provided their share of all of the revenues received by GCM/Billingsley from the Renpetco agreement.

29. Valentine/Destiny were not provided their share of any of the revenues received by GCM/Billingsley from the Renpetco agreement until the lack of such reporting was discovered by Valentine/Destiny through other sources.

## COUNT I

### (Breach of Contract)

30. The statements contained in paragraphs 1 through 29 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

31. GCM/Billingsley by and through their officers, employees, agents and/or assigns entered into a contractual relationship with Valentine/Destiny.

32. GCM/Billingsley by and through their officers, employees, agents and/or assigns, failed and/or refused to comply with said agreements and/or promises as stipulated.

33. Due to said failure and/or refusal by GCM/Billingsley, by and through their officers, employees, agents and/or assigns, Valentine/Destiny have suffered and continue to suffer irreparable financial damages including but not limited to the initial investment entrusted to GCM/Billingsley by and through their officers, employees, agents and/or assigns, but also opportunity costs. Said damages to be in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00).

## COUNT II
### (Fraud)

34. The statements contained in paragraphs 1 through 33 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

35. GCM/Billingsley by and through their officers, employees, agents and/or assigns, committed FRAUD by making false representations, promises, and statements concerning material facts, including but not limited to, promise to provide data of assets, promise to provide full accounting of the KEY LARGO PROJECT, and promises to "mutually agree" upon expenses. As a proximate cause of the false promises Valentine/Destiny relied upon said false promises, false statements and/or false representations; that each named person and entity were deceived by the false promises, and that each have been and continue to be harmed as a proximate result of reliance upon the false promises, statements and/or representations.

36. Valentine/Destiny further state that their reliance was justified under the circumstances because such promises are well within normal business operations. Indeed, truthful promises of accounting, documentation and reporting of the money and assets of one's partners, associates, and/or investors is typical and protected by law. GCM/Billingsley's falsehood, and intent to deceive, has brought this to the level of FRAUD.

37. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00)

## Count III

### (Breach of Fiduciary Duty)

**The Key Largo Project**

38. The statements contained in paragraphs 1 through 37 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

39. GCM claims OGM interest in property at issue in his suit filed November 14, 2013. The named Defendants of the original suit are investors and hold an interest in the OGM claimed by GCM.

40. During 2012 and 2013, questions about mineral and leasehold titles in the KEY LARGO PROJECT, the AMI, "West Teel Creek" and Libertyville investment areas, along with the meanings of the various documents forming a business association among the parties and subsequent alleged amendments to contractual documents, including but not limited to emails, correspondence and verbal communications, became confused. In an effort to force the partners out GCM/Billingsley brought this action seeking the court to turn over all assets of the investment properties to GCM/Billingsley only.

41. Valentine made several requests (phone and email) for a complete and adequate accounting of the assets and funds contributed to GCM/Billingsley. Even though the contractual documents specifically required GCM/Billingsley to provide reports, information, and data to Valentine, and even though specified requests for this data was submitted separately to GCM/Billingsley, no reports, data or information has been provided by GCM/Billingsley to Valentine/Destiny.

42. According to the contractual documents presently available, GCM/Billingsley was to seek oil, gas and mineral interest in specific areas. Valentine/Destiny was to invest in this endeavor by depositing substantial sums of money with and/or to GCM/Billingsley. Thus, GCM/Billingsley held in trust and/or in a fiduciary capacity the funds deposited by the investors, Valentine/Destiny.

43. In February of 2012 GCM/Billingsley and/or Wattles began submitting invoices for additional payments to be made/contributed by Valentine/Destiny. Valentine/Destiny objected to the invoices and demanded an accounting. GCM/Billingsley and/or Wattles then changed the invoices and submitted the amended invoices for payment, without providing any accounting or explanation.

44. Valentine/Destiny refuses to pay/contribute further without GCM/Billingsley providing the accounting demanded and previously agreed upon.

45. In order to rid himself of the questioning investor, GCM/Billingsley brought suit demanding he (GCM/Billingsley) be awarded ALL assets held within the areas of interest. His theory is based upon Valentine's alleged non-payment of invoices.

46. GCM/Billingsley and/or Wattles failed or refused to provide the information, accounting and/or data that they had agreed, and were invested to do.

47. GCM/Billingsley and/or Wattles failed or refused to provide the care, control, responsibility and/or accounting of the funds invested to his/their care.

48. GCM/Billingsley and/or Wattles failed or refused to provide any reports, documentation, assets, expenses, costs or any other coherent and complete accounting of the hundreds of thousands of dollars he claims to have expended in area and for the identified purpose of the agreed arrangement.

49. GCM/Billingsley is attempting to use the Court system to extort concessions and assets from its investors.

50. GCM/Billingsley's conduct regarding the KEY LARGO PROJECT, the AMI, "West Teel Creek" and Libertyville was wrongful.

51. As agent of its investors and/or partners in relation to those investments called the KEY LARGO PROJECT, the AMI, "West Teel Creel" and Libertyville GCM/Billingsley had a fiduciary duty to Valentine/Destiny.

52. In accordance with their fiduciary duties of loyalty, care, good faith and fair dealing, the GCM/Billingsley were and are obligated to refrain from participating in any transactions where their loyalties are divided, participating in any transaction where they receive a personal financial benefit, or unjustly enriching themselves at the expense of or to the detriment of Valentine

53. GCM/Billingsley, separately and together, breached fiduciary duties owed to Valentine/Destiny, engaged in self-dealing, hid data, refused information, demanded unreasonable and unexplained payments, and obtained for themselves personal benefits.

54. By reason of the foregoing acts, practices, and course of conduct, GCM/Billingsley have failed to exercise the required care and diligence in the exercise of their fiduciary obligations toward Valentine/Destiny, and have breached the confidential relationship arising therefrom, thereby causing damage to Valentine/Destiny.

55. GCM/Billingsley converted to their own use property and/or business opportunities which belong in whole or in part to Valentine/Destiny, or held and controlled by them for the benefit of Valentine/Destiny.

56. GCM/Billingsley had an obligation to communicate material facts because of their confidential and fiduciary relationships with Valentine/Destiny, and because of the particular circumstances of this case. Valentine/Destiny was harmed because GCM/Billingsley concealed, suppressed, hid, or withheld material facts concerning their conduct. Valentine/Destiny did not know of the important facts, and was harmed as a result.

57. GCM/Billingsley committed deceit and promissory fraud by suggesting facts they believed not to be true, or by asserting facts with no reasonable ground for believing them to be true, or suppressed facts that they were bound to disclose, or gave information of other facts that were likely to mislead for want of communication of material facts, or made a promise to Valentine/Destiny without any intention of performing it. GCM/Billingsley willfully deceived Valentine/Destiny with the intent to induce them to alter their position to their injury or risk, and they are liable for the damage Valentine/Destiny thereby suffered.

58. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus Punitive Damages, all costs of this action including a reasonable attorney's fee.

### COUNT IV
### (Accounting)

59. The statements contained in paragraphs 1 through 58 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

60. The property rights and interests described herein involve the existence of a fiduciary relationship between GCM/Billingsley and Valentine/Destiny. The ownership and status of these assets are complicated matters and difficult to trace or determine because of GCM/Billingsley's and/or Wattles' control of the transactions affecting Valentine/Destiny's interest.

61. The correct amount of money, assets, and/or interests due Valentine/Destiny cannot be ascertained without an accounting of the various properties or assets controlled by GCM/Billingsley and/or Wattles.

62. An accounting is necessary to determine the benefits derived by GCM/Billingsley and/or Wattles from transactions as to which there was a fiduciary duty to Valentine/Destiny.

63. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus Punitive Damages, all costs of this action including a reasonable attorney's fee.

## COUNT V
### (Unjust Enrichment)

64. The statements contained in paragraphs 1 through 63 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

65. GCM/Billingsley came into possession of property rights and/or received money, or its equivalent, arising from the fiduciary relationship between the parties, which, under such circumstances, GCM/Billingsley ought not to be allowed to retain in equity and good conscience. GCM/Billingsley have been unjustly enriched at the expense of Valentine/Destiny, and GCM/Billingsley should be required to account for and make restitution to Valentine/Destiny of all such amounts and property interests obtained as relate to the KEY LARGO PROJECT, the AMI, "West Teel Creek" and Libertyville, including the delivery of standard oil and gas leases for such mineral interests acquired, held, or claimed to be held by GCM/Billingsley.

66. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus Punitive Damages, all costs of this action including a reasonable attorney's fee.

## COUNT VI
### (Negligence)

67. The statements contained in paragraphs 1 through 66 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

68. GCM/Billingsley and/or Wattles failed to use reasonable care to prevent harm to Valentine/Destiny. GCM/Billingsley and/or Wattles acted in a way that a reasonably prudent person would not do in a similar situation, or failed to do something that a reasonably prudent person would have done in a similar situation, proximately causing damage to Valentine/Destiny as herein described.

69. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus Punitive Damages, all costs of this action including a reasonable attorney's fee.

## COUNT VII
### (Wantonness)

70. The statements contained in paragraphs 1 through 69 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

71. With reckless indifference to the consequences, GCM/Billingsley consciously used information provided by Valentine/Destiny in confidence to usurp and frustrate Valentine/Destiny's business objective and being conscious that, from such actions, injury would likely or probably result to Valentine/Destiny.

72. GCM/Billingsley's actions did, in fact, injure Valentine/Destiny through GCM/Billingsley's refusal to deliver mineral leases as contemplated for the KEY LARGO PROJECT, the AMI, Libertyville and "West Teel Creek" and by causing Valentine/Destiny to pay for services GCM/Billingsley agreed to provide but did not.

73. By engaging in such actions and practices, GCM/Billingsley have engaged and continue to engage in repeated wanton acts and practices in violation of Alabama common law, proximately causing damage to Valentine/Destiny as herein described.

74. GCM/Billingsley's conduct was and is knowingly intentional, gross, oppressive, malicious, fraudulent and/or committed with the intention to cause injury.

75. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus Punitive Damages, all costs of this action including a reasonable attorney's fee.

## COUNT VIII

### (Equitable Relief: Constructive Trust and Other Equitable Relief)

76. The statements contained in paragraphs 1 through 75 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

77. Valentine/Destiny claim an equitable interest in all real property, mineral, and leasehold interests connected to the KEY LARGO PROJECT, the AMI, "West Teel Creek" and Libertyville that is or has been under GCM/Billingsley's control.

78. Valentine/Destiny seek imposition of a constructive trust on all fluids or property of GCM/Billingsley, including mineral interest, that involve holdings, distributions, profits, or proceeds retained or obtained through their breach of fiduciary duties to Valentine/Destiny or through any other misconduct.

79. The constructive trust should include, at minimum, standard leases for those mineral interests acquired, held, or claimed by GCM/Billingsley in the KEY LARGO PROJECT, the AMI, "West Teel Creek" and Libertyville.

80. Valentine/Destiny is entitled to the disgorgement, rescission, and restitution of all holdings, distributions, profits, or proceeds obtained by GCM/Billingsley related to and resulting from their misconduct.

81. As stated, damages have occurred to Valentine/Destiny, including, but not limited to, compensatory damages in excess of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus Punitive Damages, all costs of this action including a reasonable attorney's fee.

## PUNITIVE DAMAGES

82. The statements contained in paragraphs 1 through 81 above are fully incorporated herein and are to be construed as allegations and averments by Valentine/Destiny.

83. Each of the Defendants:

a.      engaged in intentional misrepresentation, deceit, or concealment of a material fact that the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of GCM/Billingsley and/or Wattles of thereby depriving Valentine/Destiny of property or legal rights or otherwise causing injury;

b.      intentionally did a wrongful act without just cause or excuse, either with an intent to injure Valentine/Destiny or their property, or under such circumstances that the law would imply an evil intent; or

c.      engaged in conduct which was carried on with a reckless or conscious disregard of the rights of Valentine/Destiny; or

d.      subjected Valentine/Destiny to cruel and unjust hardship in conscious disregard of their rights.

84. Valentine/Destiny are entitled to punitive damages because GCM/Billingsley and/or Wattles consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Valentine/Destiny.

**PRAYER FOR RELIEF**

WHEREFORE, Valentine/Destiny demand judgment against GCM/Billingsley and/or Wattles, and each of them, respectively, in accordance with the foregoing Counts against them, as follows:

a. For a full and complete account of all of GCM/Billingsley's actions, conducted in a fiduciary or confidential relationship with Valentine/Destiny, including an account as to all monies and property interests received and disbursed by GCM/Billingsley, all investments made by GCM/Billingsley, all income collected by GCM/Billingsley, and all charges for compensation made by GCM/Billingsley against such properties, as the foregoing relate to the KEY LARGO PROJECT, the AMI, "West Teel Creek" and Libertyville, and any other transaction in which GCM/Billingsley maintained a fiduciary or confidential relationship with Valentine/Destiny;

b. For the monies and/or property interests found to be due from GCM/Billingsley to Valentine/Destiny as a result of such accounting;

c. For actual compensatory damages in an amount of not less than $75,000.00 and for the interest on any amount owed;

d. For punitive damages as allowed by applicable law in an amount set by a jury and sufficient to punish GCM/Billingsley for their wrongful conduct and to deter wrongful conduct in the future;

e. For the costs of this action, including reasonable attorney's fees;

  f.  For equitable relief imposing a constructive trust and ordering disgorgement, rescission, and restitution; and

  g.  For such other, further, and different legal and equitable relief to which Valentine/Destiny may prove itself entitled, or as the Court may deem proper.

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL MATTERS TRIABLE BY JURY.**

           Respectfully submitted,

           */s/ Gregory L. Albritton*
           Gregory L. Albritton (ALB011)
           Attorney for Plaintiffs
           112 B Court Street
           Evergreen, Alabama 36401
           251-578-6900
           galbritton@att.net

           Larry C. Moorer
           Bar Number ASB-0337-R81L
           Attorney for Plaintiffs
           107 North Jackson St.
           Mobile, AL 36602
           (251) 432-0002
           Fax: (251) 432-0040
           E-mail: lcmoorer@att.net

Defendants May Be Served At:

Gulf Coast Minerals
109 East 14th Avenue
Gulf Shores, AL 36542

Gary Billingsley
109 East 14th Avenue
Gulf Shores, AL 36542

574 Park Avenue
Foley, AL 36535

Patricia Billingsley
109 East 14th Avenue
Gulf Shores, AL 36542

574 Park Avenue
Foley, AL 36535

Larry Wattles
109 East 14th Avenue
Gulf Shores, AL 36542

574 Park Avenue
Foley, AL 36535

Judy Wattles
109 East 14th Avenue
Gulf Shores, AL 36542

574 Park Avenue
Foley, AL 36535