**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**VALENTINE VENTURES, LLC, et al.,** )
)
**Plaintiffs,** )
)
**v.** ) **CIVIL ACTION 14-0352-WS-M**
)
**GULF COAST MINERAL, LLC, et al.,** )
)
**Defendants.** )

# ORDER

The four plaintiffs have filed a motion to dismiss two of their number as plaintiffs. (Doc. 65). The defendants filed a response, (Doc. 71), and the plaintiffs declined the opportunity to file a reply. (Doc. 67).

No party questions the Court's authority to grant the requested relief under Rule 41(a)(2).[1] The defendants, however, ask the Court to impose "terms" under that rule.

The defendants first ask the Court to delay ruling on the plaintiffs' motion until April 21, 2015, to give them "an opportunity to file a motion for sanctions supported by deposition testimony taken just last week." (Doc. 71 at 1, 6). The defendants have been given this time, and more, and they have filed no such motion.

Second, the defendants ask the Court to declare the dismissal to be an adjudication on the merits. (Doc. 71 at 1-3, 6). Their theory is that the Court's

---

[1] Rule 41(a) allows dismissal of "an action." Thus, a plaintiff may dismiss one of multiple defendants under this rule, because "dismissal in that context completely removes a party from the case," *Exxon Corp. v. Maryland Casualty Co*., 599 F.2d 659, 662 (5th Cir. 1979), ending the "action" as to that defendant. *Accord Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). In the same way, dismissal of less than all plaintiffs ends the action as to those plaintiffs.

order dismissing the first amended complaint constituted an adjudication on the merits and that the plaintiffs "should not be permitted to file [a second] amended complaint and then immediately dismiss it in order to unring the bell of an adjudication on the merits." (*Id*. at 2-3). But the defendants have cited no authority standing for the proposition that the dismissal of a complaint for pleading deficiencies, with leave to amend, constitutes an adjudication on the merits. Since the plaintiffs did timely amend, it is difficult to see how the Court's order could have adjudicated the merits and thus ended the litigation.

For the reasons set forth above, the plaintiffs' motion to dismiss is **granted**. Plaintiffs Bruce Wallis and Harvey Kelley are **dismissed without prejudice**.

DONE and ORDERED this 28th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE