IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALENTINE VENTURES, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0352-WS-M |
| | ) |
| GULF COAST MINERAL, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion for judgment on the pleadings. (Doc. 69). The parties have submitted briefs in support of their respective positions, (Docs. 69, 73, 74, 77), and the motion is ripe for resolution.[1]

The operative pleading is the second amended complaint. (Doc. 56). This pleading was filed in response to the Court's order granting the defendants' motion to dismiss the first amended complaint, which order also authorized the plaintiffs to file a second amended complaint. (Doc. 50).

The Court found that the RICO and fraud claims (Counts I and III) were due to be dismissed for failure to comply with Rule 9(b), and that the breach of contract claim (Count II) was due to be dismissed for failure to allege the plaintiffs' performance under the parties' contract. (Doc. 50 at 5-7). The Court did not find the defendants' objections to the remaining six counts (Counts IV-IX) to merit dismissal. (*Id*. at 7-9). However, the Court did condemn the entire amended complaint as a shotgun pleading and therefore dismissed the amended complaint in its entirety. (*Id*. at 10-12).

As pointed out by the plaintiffs, the second amended complaint corrects none of the deficiencies that resulted in dismissal of the first amended complaint.[2]

---

[1] The plaintiffs' motion for leave to amend their response, (Doc. 74), is **granted**.

The current iteration of the complaint adds a number of lengthy, rambling paragraphs of factual allegations,[3] but it does not provide the information required by Rule 9(b), and it does not allege the plaintiffs' performance under the parties' contract.  The plaintiffs' response to the defendants' motion (improperly) attempts to provide factual allegations missing from the second amended complaint, but even it fails to address the many holes in the pleading.[4]  In addition, the second amended complaint is every bit the impermissible shotgun pleading its predecessor was.  Especially as burdened by the new factual material, the second amended complaint also violates Rules 8(d)(1) and 10(b).[5]

"As we have stated on several occasions over the past twelve years, if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, musts intervene *sua sponte* and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).  "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Id*.  The Court quoted this rule in its previous order, (Doc. 50 at 10), and the plaintiffs could not possibly be unaware of it.

---

[2] The second amended complaint does succeed in reducing the frequency with which it lumps all five defendants together, though it still does so on some occasions.

[3] Most of the new factual material is contained in paragraphs 15-20.  These six paragraphs stretch four full pages and include dozens of factual assertions not tied into a cohesive whole.

[4] The plaintiffs' response, which simply quotes in extenso vast tracts of the second amended complaint and injects additional factual material not found therein, without any pretense of argument or defense of the pleading, does not instill confidence in their ability to do so.

[5] "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id*. Rule 10(b).

Because the plaintiffs have failed to comply with the Court's order to file a non-shotgun pleading, the second amended complaint is **stricken** in its entirety. The plaintiffs may file a third amended complaint on or before **June 17, 2015**, failing which the Court will enter final judgment in favor of the defendants. The third amended complaint must correct the deficiencies identified in this order and in the previous Court order. (Doc. 50).[6] The Court does not anticipate extending the plaintiffs any additional opportunities to file an acceptable pleading.

To the extent the defendants seek the relief set forth above, their motion is **granted**. To the extent they seek other or additional relief, their motion is **denied**.

DONE and ORDERED this 28th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] These include, without limitation: (1) presenting a *coherent, organized* (chronologically or otherwise) statement of facts that a non-participant in the underlying transactions and communications can understand; (2) presenting these facts in *brief,* comprehensible, numbered paragraphs; (3) collecting the facts in one section preceding the listing of counts, rather than sprinkling them throughout the pleading; (4) under each count, identifying *individually* the defendant(s) made defendants under that count; (5) under each count, listing the *specific* numbered factual paragraphs that are relevant to that count (incorporating all previous paragraphs is the defining characteristic of a shotgun pleading); and (6) addressing the various other pleading deficiencies asserted by the defendants.